IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN NEWMAN,

    Plaintiff,    Civil Action No.
             3:17-CV-0808 (TJM/DEP)

 v.

RICK HOYT and SCOTT COOK,

    Defendants.

---

APPEARANCES:    OF COUNSEL:

FOR PLAINTIFF:

JOHN NEWMAN, *Pro se*
158254
Broome County Jail
P.O. Box 2047
Binghamton, NY 13901

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

  This is a civil rights action brought by *pro se* plaintiff John Newman pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that the two defendants, who are identified as parole officers, unlawfully entered

his residence, conducted a search, and arrested him without affording him due process.

Plaintiff's complaint and accompanying application for leave to proceed *in forma pauperis* ("IFP") have been forwarded to me for review. Based upon my consideration of those documents, plaintiff's IFP application is granted, and I recommend that portions of plaintiff's claims be dismissed, with leave to replead.

I.  BACKGROUND

Plaintiff commenced this action on or about July 21, 2017. Dkt. No. 1. Plaintiff's complaint names Rick Hoyt and Scott Cook, two parole officers from Binghamton, New York, as defendants. *Id.* at 2. Defendants Hoyt and Cook are sued only in their official capacities. *Id.*

In his complaint, plaintiff alleges that on February 13, 2017, defendants Hoyt and Cook entered his residence without his knowledge or consent using a key obtained from his landlord, conducted a search, and unlawfully placed him under arrest. Dkt. No. 1 at 5. According to plaintiff, after being placed in mechanical restraints, he was jailed without an arraignment or other due process. *Id.* As relief, plaintiff's complaint requests (1) an order of protection against defendants Hoyt and Cook; (2) damages in the amount of $50,000; and (3) an order directing that the

2

New York State Department of Corrections and Community Supervision ("DOCCS") to treat plaintiff "as a law abiding citizen and . . . respect [his] rights as a citizen of the United States." *Id.* at 6.

II.　DISCUSSION

　　A.　IFP Application

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit a litigant to proceed *in forma pauperis* if it determines that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In this instance, plaintiff originally filed an IFP that was incomplete. Dkt. No. 2. Before the court had an opportunity to address that motion, plaintiff filed an amended application, Dkt. No. 5, which is complete and certified, and demonstrates that plaintiff meets the requirements for IFP status. Accordingly, plaintiff's amended application for leave to proceed without prepayment of fees, Dkt. No. 5, is granted.[2]

---

[1]　The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, *see* 28 U.S.C. § 1914(a), and an administrative fee of $50.00. Although an inmate granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. *See* 28 U.S.C. § 1915(b)(3).

[2]　Plaintiff is reminded that, although his IFP application has been granted, he will still be required to pay fees that he incurred in this action, including copying and/or witness fees.

3

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiff meets the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in his/her complaint in light of 28 U.S.C. §§ 1915(e), 1915A. Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable

basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although

the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. <u>Analysis</u>

Mindful of my obligation to liberally construe a *pro se* litigant's pleadings, and in light of the early juncture of this case, I find that, as a general matter, plaintiff's complaint alleges sufficient facts to satisfy review under sections 1915(e), 1915A.[3] The problems discerned by the court arise from plaintiff's requests for relief.

---

[3] The court renders no opinion as to whether plaintiff's complaint could withstand a properly filed dispositive motion.

### a. Eleventh Amendment

As was noted above, plaintiff has sued the two named defendants only in their official capacities. Dkt. No. 1 at 2. Defendants both appear to be employees of State of New York. *See id.* at 5, 6. Among the relief sought by plaintiff is an award of money damages against defendants. *Id.*

The Eleventh Amendment protects a state against suits brought in federal court by "private parties seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 529 (2d Cir. 1993). This absolute immunity, which states enjoy under the Eleventh Amendment, extends to both state agencies and state officials sued for damages in their official capacities when the essence of the plaintiff's claim seeks recovery from the state as the real party in interest. *See, e.g., Daisernia v. State of N.Y.*, 582 F. Supp. 792, 798-99 (N.D.N.Y. 1984) (McCurn, J.) ("[A] suit which seeks a money judgment 'which must be paid from the state treasury is barred by the Eleventh Amendment,' even though it is nominally asserted against an individual official." (quoting *Edelman*, 415 U.S. at 663)); *see also Richards v. State of N.Y. App. Div., Second Dep't*, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (*citing, inter alia, Cory v. White*, 457 U.S. 85, 89-91,

(1982)). "To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." *Ying Jing Gan*, 996 F.2d at 529; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity therefore should be treated as suits against the State.").

Plaintiff's damage claims in this action against the named defendants in their official capacities are, in reality, claims against the State of New York, and are therefore subject to dismissal. *Daisernia*, 582 F. Supp. at 798-99. Accordingly, I recommend that plaintiff's claims asserted against defendants Hoyt and Cook be dismissed to the extent they seek money damages as relief.

b. Request for Injunctive Relief Against the DOCCS

Plaintiff's complaint also seeks an order directing the DOCCS to treat him as a law abiding citizen. Dkt. No. 1 at 6. The DOCCS, however, is not a party to this action, and thus the court lacks the authority to enjoin its conduct without first affording it an opportunity to be heard. *Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999). Accordingly, I recommend that plaintiff's claim for injunctive relief against the DOCCS be dismissed.

9

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord,*

*Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, no better pleading can cure the deficiency and warrant the imposition of the injunctive relief against the DOCCS, a non-party. For that reason, I recommend that any claim asserted seeking an injunction against the DOCCS be dismissed with prejudice.

With respect to plaintiff's claims asserted against defendants Hoyt and Cook in their official capacities seeking money damages, it is possible that plaintiff could assert viable damage claims against those individuals if he asserts the claims against defendants in their individual capacities. Accordingly, I recommend that leave to amend be granted with respect to plaintiff's claims seeking damages asserted against defendants in their official capacities.[4]

If plaintiff chooses to file an amended complaint, he should note that the law in this circuit clearly provides that "'complaints relying on the civil

---

[4] I have liberally construed plaintiff's claims asserted against defendants seeking an order of protection as a request for prospective injunctive relief, and, for that reason, I recommend the claims survive initial review and defendants be made to answer plaintiff's complaint with respect to those claims. *Quern v. Jordan*, 440 U.S. 332, 337 (1979). It is worth noting, however, that it is far from clear that federal courts have the authority to issue orders of protection. *See, e.g., Kanhoye v. Atlanta, Inc.*, No. 05-CV-4308, 2000 WL 35605091, at *2 (E.D.N.Y. Dec. 3, 2000) (denying the defendants' motion for an order of protection because they had failed to cite any legal basis for the requested relief). In my view, determination of whether the relief requested is permitted is better rendered following issue of process and upon full briefing of the parties.

11

rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily

supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III. <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

Plaintiff's application for leave to proceed IFP appears to be complete and demonstrates his entitlement to that status. Accordingly, he will be granted leave to proceed in this action without prepayment of fees.

Turning to the merits, I conclude that plaintiff's damage claims against defendants in their official capacities is barred by the Eleventh Amendment, and he may not seek injunctive relief against the DOCCS, an agency that is not a party to this action. I therefore recommend that those claims be dismissed, with leave to replead only as relates to the damage claims against the two named defendants.

Based on the foregoing it is hereby

ORDERED that plaintiff's original motion for leave to proceed in this action without prepayment of fees (Dkt. No. 2) be DENIED as moot, but that his amended motion (Dkt. No. 5) be GRANTED; and it is further hereby

RECOMMENDED that plaintiff's damage claims against the defendants in their official capacities, and his request for injunctive relief against the New York State Department of Corrections and Community

Supervision be DISMISSED, but that his complaint otherwise be accepted for filing, with leave to replead only with regard to the damage claims asserted against the two named defendants.[5]

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the parties in accordance with this court's local rules.

---

[5] In the event plaintiff does not avail himself of the opportunity to amend, this action will proceed with respect to plaintiff's claims asserted against defendants in their official capacities to the extent plaintiff seeks prospective injunctive relief against those individuals.

[6] If you are proceeding *pro se* and are served with this order, report, and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report, and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

Dated: September 19, 2017
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge